1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

ATEF BANDARY,

     Plaintiff,

  vs.

DELTA AIR LINES, Inc., a corporation;

     Defendant.

Case No. 5:17-cv-1065 DSF (ASx)

**STIPULATION AND TRIAL PROTECTIVE ORDER FOR MATERIALS CONSTITUTING SENSITIVE SECURITY INFORMATION**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JOINT STIPULATION RE: PROTECTIVE ORDER

WHEREAS Sensitive Security Information (SSI) is a specific category of information the Transportation Security Administration (TSA) has determined requires protection against unauthorized disclosure pursuant to 49 U.S.C. § 114(r) and 49 C.F.R. Part 1520; and

WHEREAS this case is set for a jury trial commencing on October 20, 2020, at which time Plaintiff may seek to use or elicit certain SSI; and

WHEREAS Defendant submits that no evidence that constitutes SSI is relevant to any remaining issues to be tried in this case, but enters into this stipulated protective order so SSI will be properly handled before and at trial if the Court determines it is relevant and admissible notwithstanding Defendant's objections; and

WHEREAS only "Covered Persons," as defined by TSA regulations, may access SSI pursuant to 49 C.F.R. § 1520.7 and Defendant and defense counsel are Covered Persons, and Plaintiff's counsel, Zein Obagi, was, in April 2020, preliminarily approved by TSA to access SSI pursuant to Section 525(s) of Pub.L. No. 102-295; and

WHEREAS TSA has determined, pursuant to its discretionary authority under 49 C.F.R. § 1520.15(e), to grant members of the jury, Plaintiff's counsel, the plaintiff, the parties' retained experts, clerical, legal, technical, trial consultant and insurance personnel assigned to this case access to certain SSI for purposes of trial subject to the terms and conditions set forth in this Order, and to designate them as "Covered Persons" pursuant to 49 C.F.R § 1520.7(m);

IT THEREFORE STIPULATED, by and between the parties, through their respective counsel of record, and in order to ensure that all SSI to which they have access continues to be protected and safeguarded as specified below, through the trial of this action, that the Court enter a Protective Order as follows:

**TRIAL PROTECTIVE ORDER FOR MATERIALS**
**CONSTITUTING SENSITIVE SECURITY INFORMATION**

**IT IS HEREBY ORDERED THAT**: This protective order shall govern how SSI will be handled including at trial and thereafter.

**A.       Preliminary Matters**

1.       This Order shall govern any document, testimony, information or other material that potentially contains SSI that a party may seek to introduce or elicit in court filings forthwith and all hearings including at the Trial.

2.       SSI shall be safeguarded in such a way that it is not physically or visually accessible to persons who do not have a "need to know," as defined in 49 C.F.R. § 1520.11. When unattended, SSI must be secured in a locked file cabinet, container or office, or other restricted access area.

3.       All documents or presentations containing SSI to be used at the Trial or that may be filed with the Court shall be marked as follows: "<u>Confidential: Subject to SSI Protective Order in *Atef Bandary v. Delta Air Lines, Inc.*</u>"

4.       In addition, as required by 49 C.F.R. § 1520.13, every document containing SSI must include the words "SENSITIVE SECURITY INFORMATION/UNDER SEAL" conspicuously at the top of each page and the "distribution limitation statement" (defined below) on the bottom, of: (i) the outside of any front and back cover, including a binder cover or folder, if the document has a front and back cover; (ii) any title page; and (iii) each page of the document. The distribution limitation statement is:

> "WARNING: This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a 'need to know', as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other

**TRIAL PROTECTIVE ORDER FOR MATERIALS**
**CONSTITUTING SENSITIVE SECURITY INFORMATION**

action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520."

5.	The court reporter, who transcribes testimony during the Trial, in which SSI may be discussed, shall promptly secure the transcript, if it may contain SSI, in a password-protected manner.

6.	Documents that are marked SSI or, though not marked, contain SSI, shall be treated as confidential and shall not be published or made available to the general public in any form (whether in paper or electronic form), but instead shall be filed in court under seal. Material filed under seal will be available only to the Covered Persons with a need to know.

7.	Any Party who wishes to use a document with SSI contained therein in connection with a motion or other submission to this Court in connection with the Trial must file it and any pleadings, motions or other papers containing SSI under seal. Where possible, only the portions of the filings that contain SSI shall be filed under seal. With respect to court filings made by either party of a sealed brief, appendix, motion, record, or any other filing or submission containing SSI, counsel for the party responsible for the filing will deliver the filing to TSA.  TSA will prepare a final public version of the filing.

8.	Each party shall be responsible for filing the public, redacted versions (as provided by TSA) of its own filings with this Court, in accordance with whatever deadlines or requirements this Court may set for the filing of such documents.

9.	Documents that contain SSI may not be disseminated to persons without a regulatory "need to know" as set forth in 49 C.F.R. § 1520.11 except with written permission from TSA. The right of access to all materials marked SSI or containing SSI shall be limited to:

-4-	Case No. 5:17-cv-1065 DSF AS

**TRIAL PROTECTIVE ORDER FOR MATERIALS
CONSTITUTING SENSITIVE SECURITY INFORMATION**

1              a.      the Court, including its legal and clerical personnel, and

2    court reporters as Covered Persons pursuant to 49 C.F.R. §§ 1520(j) and (k); and

3              b.      these Covered Parties provided they have signed the

4    Agreement to be bound by this Protective Order attached hereto as **Exhibit A**:

5    Plaintiffs' counsel, the plaintiff, the parties' retained experts, clerical, legal,

6    technical and insurance personnel assigned to this case (including the parties' trial

7    consultants).

8         **B.      Handling and Use of Sensitive Security Information at Trial**

9              10.     Prior to the commencement of the Trial, each Party shall

10   provide the Court and TSA with a list of all witnesses whose testimony may

11   involve SSI.

12             11.     SSI may not be introduced in open court at the Trial.  The

13   courtroom shall be closed during any discussions involving SSI, which

14   universe of documents has been reviewed by TSA and designated as SSI. Only

15   Covered Persons with a need to know pursuant to 49 C.F.R. §§ 1520.7 and

16   1520.11, the Court and its employees, and members of the jury may be present

17   when SSI is openly displayed or discussed during the Trial.

18             12.     The Court shall instruct the members of the jury regarding

19   their obligation not to disclose any SSI introduced during the Trial.

20             13.     Prior to their testimony, the parties shall advise any witness,

21   whose testimony may involve SSI, regarding the restrictions on the disclosure

22   of SSI during the Trial, and the witness's obligation not to disclose SSI in open

23   court.  Accordingly, during trial, if either party's attorney believes an area of

24   testimony being elicited from the witness may implicate SSI, they shall alert

25   the Court in advance of that line of questioning, so the Court can clear and

26   close the courtroom. Additionally, if a witness believes the question calls for

27   testimony that may implicate SSI, before answering, the witness will inform

28   the Court, so the Court can clear and close the courtroom.

Case No. 5:17-cv-1065 DSF AS
**TRIAL PROTECTIVE ORDER FOR MATERIALS
CONSTITUTING SENSITIVE SECURITY INFORMATION**

14.     The defendant and their counsel, plaintiff's counsel, Zein E. Obagi, Jr., plaintiff Atef Bandary and all persons deemed to have access to exhibits containing SSI for the duration of the Trial are responsible for ensuring that SSI Exhibits and SSI Trial Materials in their possession, custody or control, and all SSI contained therein, are protected from unauthorized disclosure.

15.     Counsel for the parties may make the necessary number of hard copies of any SSI Exhibit (an original SSI Exhibit and copies) or SSI Trial Material for use at the Trial.

16.     The original SSI Exhibit or SSI Trial Material shall be marked as an original, and each copy of such document shall be numbered.

17.     Each Party shall maintain a log of all SSI Exhibits and SSI Trial Materials in its possession, including a notation regarding what was provided to the Court and members of the jury during the Trial.

18.     Except when such documents are being used at the Trial, the original and all copies of all SSI Exhibits and SSI Trial Materials shall remain at all times in the responsible counsel's custody and control.

19.     When SSI Exhibits or SSI Trial Materials are in the courtroom, they shall not be left on counsel table or otherwise in plain sight, or exposed in any manner to members of the public.

20.     At the conclusion of each day of Trial, including each day of jury deliberations, the courtroom deputy or other courtroom personnel designated by the Court shall collect and store in a secured container (such as a locked desk or file cabinet) all original SSI Exhibits (to the extent retained by the Court) and all copies of SSI Exhibits and SSI Trial Materials provided to the Court and/or the members of the jury.

21.     At the conclusion of each day of the Trial, all responsible Covered Persons shall ensure that the original and all copies of their SSI

**TRIAL PROTECTIVE ORDER FOR MATERIALS
CONSTITUTING SENSITIVE SECURITY INFORMATION**

1   Exhibits and SSI Trial Materials have been collected and secured, to the extent

2   not retained by the Court.  The responsible counsel shall count the documents

3   collected to ensure that all copies have been collected.

4        22.   The Parties shall submit pre-trial and trial transcripts that

5   may contain SSI to TSA for review.  All transcripts of any trial or pretrial

6   proceedings that may contain SSI shall be treated as such pending TSA review.

7        23.   TSA shall promptly review any trial or pretrial transcripts

8   that may contain SSI for the purpose of redacting any SSI contained therein

9   prior to public filing.

10        24.   The unredacted version of any trial or pretrial proceedings

11   that may contain SSI shall be filed under seal unless and until TSA determines

12   that such transcripts do not contain SSI.  The Parties and TSA shall advise the

13   court reporter if a transcript may contain SSI so that it can be maintained under

14   seal.

15        25.   To the extent real-time transcripts are available at the Trial,

16   only Covered Persons with a need the Court and its employees and

17   representatives of TSA and the jury may have access to such transcripts.

18        26.   If SSI is disclosed other than as authorized by this Order,

19   the Party or person responsible for the unauthorized disclosure, and any other

20   Party, person, firm or entity who is subject to this Order and learns of the

21   unauthorized disclosure, shall immediately bring such disclosure to the

22   attention of the Court and TSA.

23        27.   The Party or person responsible for the unauthorized

24   disclosure shall make every effort to obtain the return of the SSI (including,

25   without limitation, from the person to whom the unauthorized disclosure was

26   made and from any other person to whom SSI was transmitted as a direct or

27   indirect result of the unauthorized disclosure) and to prevent further disclosure

28

1 | on its own part or on the part of any person to whom the unauthorized

2 | disclosure was made.

3 |    28. In the event the parties dispute TSA's designation of

4 | information as SSI they shall meet and confer with TSA in an effort to resolve

5 | the dispute prior to filing a petition for review of TSA's SSI designations in a

6 | United States Court of Appeals pursuant to 49 U.S.C. § 46110.

7 |    29. At the conclusion of the Trial, all copies of SSI Exhibits and

8 | SSI Trial Materials provided to the Court and the members of the jury during

9 | the Trial shall be collected by the parties' counsel and destroyed or stored in a

10 | secured container until the conclusion of the case, including any appellate

11 | proceedings, after which such documents shall be destroyed.  All documents

12 | subject to this Order in the possession of Plaintiff and Plaintiff's counsel and

13 | experts shall be returned to counsel for Delta Air Lines within 60 days of

14 | termination of this litigation, including any appellate proceedings, or shall be

15 | certified in writing to have been destroyed by plaintiffs' counsel and experts.

16 |    30. Each Party shall provide its log of SSI Exhibits and SSI

17 | Trial Materials to TSA and shall certify that all hard copies of all SSI Exhibits

18 | and SSI Trial Materials have been destroyed.  Each Party may maintain the

19 | original and two (2) copies of each SSI Exhibit or SSI Trial Materials until the

20 | conclusion of the case, including any appellate proceedings.  Following the

21 | conclusion of the case, including any appellate proceedings, each Party shall

22 | certify to TSA that it has destroyed or returned to TSA all SSI Exhibits and SSI

23 | Trial Materials, and any other SSI in its possession to which the Party gained

24 | access under this Order.

25 |    31. The obligation of the Parties and Covered Persons to protect

26 | SSI from unauthorized disclosure pursuant to the applicable statutes,

27 | regulations and this Order shall continue beyond the conclusion of the case,

28 | including any appellate proceedings.

**TRIAL PROTECTIVE ORDER FOR MATERIALS
CONSTITUTING SENSITIVE SECURITY INFORMATION**

32.    Nothing contained herein alters or affects in any manner a

Covered Person's obligations and duties as set forth in 49 C.F.R. Part 1520.

**IT IS SO STIPULATED.**


Date: October 6, 2020              **OBAGI LAW GROUP, P.C.**

                                               /s/ Zein E. Obagi, Jr.

                                   By: _____
                                               Zein E. Obagi, Jr.
                                               Hee J. Kim, Of Counsel
                                               Tara Hattendorf
                                               Attorneys for Plaintiff
                                               ATEF BANDARY

Date:  October 6, 2020             **CODDINGTON, HICKS, & DANFORTH**

                                               /s/ Richard G. Grotch

                                   By: _____
                                               Richard G. Grotch
                                               Attorneys for Defendant
                                               DELTA AIR LINES, INC.

**TRIAL PROTECTIVE ORDER FOR MATERIALS**
**CONSTITUTING SENSITIVE SECURITY INFORMATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ORDER ON STIPULATION

Good cause appearing for the order set forth above, this Court hereby orders that the foregoing Stipulation and Trial Protective Order shall become the order of this Court henceforth.  The procedures outlined in the aforementioned Stipulation shall be followed by the parties.

IT IS SO ORDERED.

DATED:  October 6, 2020

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

**TRIAL PROTECTIVE ORDER FOR MATERIALS
CONSTITUTING SENSITIVE SECURITY INFORMATION**

1

## **EXHIBIT A**

2

### **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

3    I hereby acknowledge that I have received a copy of the STIPULATION AND

4  TRIAL PROTECTIVE ORDER FOR MATERIALS CONSTITUTING SENSITIVE

5  SECURITY INFORMATION in the matter of *Atef Bandary v. Delta Air Lines, Inc.,*

6  No. 5:17-cv-01065-DSF-AS.  I attest that I am familiar with and will comply with the

7  standards for access, dissemination, handling, and safeguarding of Sensitive Security

8  Information (SSI) as set forth in 49 C.F.R. Part 1520 and the Stipulation and Trial

9  Protective Order for Materials Constituting Sensitive Security Information entered by

10 the Court in the matter of *Atef Bandary v. Delta Air Lines, Inc.,* No. 5:17-cv-01065-

11 DSF-AS and agree to be bound by the provisions therein.

12

13

14  Dated:_____          x_____

15                 Print Name:_____

16  _____
   _____

17

18

19

20

21

22

23

24

25

26

27

28