# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATEF BANDARY,<br>    Plaintiff,<br><br>        v.<br><br>DELTA AIR LINES, INC.,<br>    Defendant. | 5:17-cv-1065-DSF-AS<br><br>Order Denying Plaintiff's Motion to Disqualify Judge Dale Fischer for Prejudice (Dkt. 421) |

Plaintiff Atef Bandary moves to "disqualify/recuse"[1] this Court for bias and prejudice pursuant to 28 U.S.C. §§ 114, 455(a), and 455(b). Dkt. 421. Defendant Delta Airlines, Inc. opposes. Dkt. 424. For the reasons stated below, the motion is denied.

## I.    LEGAL STANDARD

---

[1] The terms "recusal "and "disqualification" are often used interchangeably.

28 U.S.C. § 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding." Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The substantive standard for recusal is the same under both sections: "'Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012), quoting United States v. Hernandez, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (per curiam).

## II. DISCUSSION

### A. Timeliness

The Court should first address the "threshold" issue of whether this motion is timely. U.S. v. Rogers, 119 F.3d 1377, 1380 (9th Cir. 1997) (both §§ 144 and 455 require timely assertion).

This action was filed by counsel on May 26, 2017. The Court has issued numerous orders since that time – some favorable to Mr. Bandary and some unfavorable. The matter proceeded to trial in October 2021. The Court has ruled on additional matters post-trial. Before and after the trial, Mr. Bandary was represented by or consulted a series of attorneys and for some periods represented himself. This is the first time such a motion has been made. To the extent Mr. Bandary relies on the Court's decision to grant a new trial, that order was issued in August 2022. The Court's most recent orders, which granted the motions of counsel to withdraw and substitute Mr. Bandary *pro se*, were issued on October 12, 2023. Mr. Bandary has not cited any recent event as grounds for recusal.

The Court finds that the motion is untimely. Nevertheless, the Court briefly discusses application of the cited statutes.

### B.  28 U.S.C. § 114

Contrary to a facial reading, section 144 is not self-executing. If the motion is timely, the Court must determine whether the affidavit is legally sufficient. Berger v. United States, 255 U.S. 22, 36 (1921). Here, in addition to untimeliness, a procedural defect bars any relief under section 144 because Mr. Bandary has not provided a good faith certificate of counsel of record. E.g., Prosper v. Navy Federal Credit Union, 1:22-CV-01301-SCJ, 2022 WL 17541781 *1 (N.D. Ga. 10/28/22) (citing Williams v. New York City Housing Authority, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003)). The certificate of counsel serves a preventative purpose to avoid the filing of frivolous affidavits. Although Mr. Bandary has submitted a "Declaration/Affidavit,"

dkt. 422, as a *pro se* plaintiff, he cannot make the certification.[2] Therefore, he is barred from seeking relief under section 144.

### C. 28 U.S.C. § § 455(a) and (b)

"[J]udicial rulings alone almost never constitute a valid basis for a bias or impartiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "The alleged bias and prejudice to be disqualifying, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). Opinions formed by a judge "on the basis of facts introduced or events occurring during current or prior proceedings are not grounds for a recusal motion unless they display" a "deep-seated favoritism or antagonism as would make fair judgment impossible." Liteky, 510 U.S. at 555.

As explained in detail in Delta's Opposition, many of Mr. Bandary's claims result from a misunderstanding of the law and what has occurred in the case – or are simply false. Neither the results of other litigation nor anonymous comments provide grounds for disqualification. In short, nothing in Mr. Bandary's motion supports a determination that a reasonable person with all the facts would question this Court's impartiality. And the Court does not have any personal bias or prejudice concerning Mr. Bandary or personal knowledge of disputed evidentiary facts.

### III. CONCLUSION

---

[2] Because Mr. Bandary's motion is untimely and he has not submitted a "sufficient affidavit," the Court need not refer the motion to another judge. See, e.g., United States v. Scholl, 166 F.3d 964, 977 (9th Cir.), cert. denied, 528 U.S. 873 (1999) (finding that "the affidavit was neither timely nor sufficient to trigger reassignment").

For these and the other reasons set forth in the Opposition, the motion fails whether considered under 28 U.S.C. § 144 or § 455 and is DENIED.

IT IS SO ORDERED.

Date: April 16, 2024

Dale S. Fischer
United States District Judge