Name: Atef Bandary
Address: 34480 Vaquero Road
City, State, Zip: Cathedral City, CA 92234
Phone: 760-567-7388
Fax:
E-Mail: alprince557@hotmail.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☐ Retained

*this Document is submitted electronically in Two Parts because the File was too Large to be submitted as one Part.*

FILED
CLERK, U.S. DISTRICT COURT
09/06/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ATEF BANDARY

PLAINTIFF(S),

v.

DELTA AIR LINES, INC

DEFENDANT(S).

CASE NUMBER:

Case No: 5:17-cv-01065-DSF-AS

**NOTICE OF APPEAL** "Part 1"

NOTICE IS HEREBY GIVEN that _____ATEF BANDARY_____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
Judge's Order's " DKT 487 " Denying
Plaintiff's Second Motion to Disqualify Judg
☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _____. Entered on the docket in this action on _____.

A copy of said judgment or order is attached hereto.

Date: 9/6/24

Signature: Atef Bandary

☒ Appellant/ProSe   ☐ Counsel for Appellant   ☐ Deputy Clerk

Note: The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

## Delta's Reply Brief and Documents

**Zein Obagi**
Fri 11/5/2021 12:44 PM
To: You
Cc: Bandary Slack

322-1 20211105 BANDA...
154 KB

Exhibit D

4 attachments (799 KB)   Save all to OneDrive   Download all

Atef,

See attached brief filed by Delta. If the Court was not so opinionated in Delta's favor — a Republic George W. Bush appointee — I would have confidence in us prevailing. But, here, it would not surprise me one bit if the Court entered judgment for Delta Air Lines. It would be appealable, but if the chance of winning on appeal are generally low.

I am not telling you this to discourage you. I want us to win here so so much. But I want to set the expectations accurately in light of everything I saw from the judge. Let me know if you have any questions.

Kind regards,

Zein E. Obagi, Jr.   *Lead Counsel*
**OBAGI LAW GROUP, P.C.**

811 Wilshire Blvd., Ste. 1721
Los Angeles, CA 90017
Website: www.obagilaw.com
Email: zo@obagilaw.com
Office: (424) 284-2401
Fax: (424) 204-0719

CONFIDENTIALITY NOTICE: This e-mail and any files attached may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please destroy the original transmission and its attachments without reading or saving in any manner.

Reply   Reply all   Forward



+1 (424) 284-2401

is fair..and just sign so I can get to work

The judge wants you / us to lose and doesn't believe in the judgment. If a great opposition isn't filed on your behalf the judgment is going to disappear.

Frankly I'd like the 2% so I can give one to Herb. fox with your consent and get his expetise

Exhibit (3)

I never objected about the money, my only objection was about the communication and looking down at me.
But 2% would be fine.

Then please sign and return

so I can get to work this weekend

I don't feel comfortable with the Docu sign, can you please send me a copy of the agreement, I will read and sign and send back to you.

Thursday 5:18 PM

Sent

zein → abagi

the judge doesn't like your case and it doesn't seem like that is going to change

so we have to face the realities of what we're facing

Exhibit B

Case 5:17-cv-01065-DSF-AS   Document 490   Filed 09/06/24   Page 5 of 9   Page ID
Case 5:17-cv-01065-DSF-AS   Document 485   Filed 08/29/24   Page 1 of 5   Page ID
#:8388

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATEF BANDARY,<br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br>Defendant. | 5:17-cv-1065-DSF-AS<br><br>Order Denying Plaintiff's Second Motion to Disqualify Judge Dale S Fischer for Prejudice (Dkt. 475) |

Plaintiff Atef Bandary again moves to "disqualify/recuse"[1] this Court pursuant to 28 U.S.C. §§ 114, 455(a), and 455(b). Dkt. 475 (Mot.). Defendant Delta Airlines, Inc. opposes.[2] Dkt. 480. For the reasons stated below, the motion is denied.

## I.   LEGAL STANDARD

28 U.S.C. § 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party or

---

[1] The terms "recusal "and "disqualification" are often used interchangeably.

[2] Mr. Bandary's objections to Defendant's opposition, dkts. 483, 484, are denied.

Case 5:17-cv-01065-DSF-AS  Document 490  Filed 09/06/24  Page 6 of 9  Page ID
Case 5:17-cv-01065-DSF-AS  Document 485  Filed 08/29/24  Page 2 of 5  Page ID
#:8389

personal knowledge of disputed evidentiary facts concerning the proceeding." Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The substantive standard for recusal is the same under both sections: "'Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012), quoting United States v. Hernandez, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (per curiam).

## II. DISCUSSION

### A. Timeliness

The Court should first address the "threshold" issue of whether this motion is timely. U.S. v. Rogers, 119 F.3d 1377, 1380 (9th Cir. 1997) (both §§ 144 and 455 require timely assertion).

    This action was filed by counsel on May 26, 2017. The Court has issued numerous orders since that time – some favorable to Mr. Bandary and some unfavorable. The matter proceeded to trial in October 2021. The Court has ruled on additional matters post-trial. Before and after the trial, Mr. Bandary was represented by or consulted a series of attorneys and for some periods represented himself. Mr. Bandary's previous request was filed on March 26, 2024. Because Mr. Bandary had not cited any recent event as grounds for recusal, the Court found the motion untimely. Nevertheless, the Court briefly discussed application of the cited statutes.

    In this motion, Mr. Bandary complains that the Court did not permit him to file his proposed Fourth Amended Complaint and that he "heard [the Court] improperly advocating for [Defendant] and voluntarily on her own suggesting them to proceed to a third summary judgment motion to dispose [his] trial and to harm his case and to abuse process." Mot. at page ID ## 8281 – 8282. Because these two issues arose recently, the Court finds the motion timely as to them only. The Court therefore addresses only those issues on the merits.

### B.   28 U.S.C. § 114

    As the Court stated previously, contrary to a facial reading, section 144 is not self-executing. Because the motion is timely, the Court must determine whether the affidavit is legally sufficient. Berger v. United States, 255 U.S. 22, 36 (1921). As with the first motion, a procedural defect bars any relief under section 144 because Mr. Bandary has not provided a good faith certificate of counsel of record. E.g., Prosper v. Navy Federal Credit Union, 1:22-CV-01301-SCJ, 2022 WL 17541781 *1 (N.D. Ga. 10/28/22) (citing Williams v. New York City Housing Authority, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003)). The certificate of counsel serves a preventative purpose to avoid the filing of frivolous affidavits. Although Mr. Bandary has submitted both a declaration, dkt. 477, and a notarized affidavit, dkt. 476, as

a *pro se* plaintiff, he cannot make the certification.[3] Therefore, he is barred from seeking relief under section 144.

### C. 28 U.S.C. §§ 455(a) and (b)

"[J]udicial rulings alone almost never constitute a valid basis for a bias or impartiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "The alleged bias and prejudice to be disqualifying, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). Opinions formed by a judge "on the basis of facts introduced or events occurring during current or prior proceedings are not grounds for a recusal motion unless they display" a "deep-seated favoritism or antagonism as would make fair judgment impossible." Liteky, 510 U.S. at 555.

As explained in detail in Delta's previous opposition and again in docket 480, many of Mr. Bandary's claims result from a misunderstanding of the law and what has occurred in the case – or are simply false. Neither the results of other litigation nor anonymous comments provide grounds for disqualification. In short, nothing in Mr. Bandary's motion supports a determination that a reasonable person with all the facts would question this Court's impartiality. That some attorneys allegedly made adverse comments about the Court and its rulings and that some of them clearly did so in the writings attached to the motions does not establish bias. And the Court repeats that it does not have any personal bias or prejudice concerning Mr. Bandary or personal knowledge of disputed evidentiary facts. The Court grants

---

[3] Because Mr. Bandary has not submitted a "sufficient affidavit," the Court need not refer the motion to another judge. See, e.g., United States v. Scholl, 166 F.3d 964, 977 (9th Cir.), cert. denied, 528 U.S. 873 (1999) (finding that "the affidavit was neither timely nor sufficient to trigger reassignment").

motions made by Mr. Bandary whenever it concludes his position is correct and despite opposition by Defendant.

The Court explained to Mr. Bandary that it would not grant a motion to file a fourth amended complaint without seeing a draft of the proposed amended complaint, that the jury would not see the complaint and that a motion to dismiss would likely be filed, which would cause delay in the proceedings – and therefore, the Court was denying the motion. He stated: "I understand [the ruling]. I will go with it because I respect your ruling . . .." Dkt. 453, p. ID #7942 - 7943.

The Court did suggest that perhaps the defense should file a motion for summary judgment or summary adjudication as the case had been tried previously and substantial evidence had been presented. Dkt. 453, p. ID #7943. As Defendant notes, the Advisory Committee Notes to Rule 56 of the Federal Rules of Civil Procedure state: "In many cases it may be useful first to invite a motion . . .." Advisory Comm. Notes, 2010 Amendments, Subdivison (f).

### III. CONCLUSION

For these and the other reasons set forth in the Opposition, the motion fails whether considered under 28 U.S.C. § 144 or § 455 and is DENIED.

IT IS SO ORDERED.

Date: August 29, 2024

Dale S. Fischer
United States District Judge