# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATEF BANDARY,<br>     Plaintiff,<br><br>          v.<br><br>DELTA AIR LINES, INC.,<br>     Defendant. | 5:17-cv-1065-DSF-ASx<br><br>Order GRANTING Motion for<br>Summary Judgment (Dkt. 470) |

Defendant Delta Air Lines, Inc. has moved for summary judgment prior to a second trial in this matter.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. Background

Plaintiff proceeded to trial against Defendant on a claim under Article 17 of the Montreal Convention for bodily injury and emotional distress allegedly suffered on a flight between Atlanta, Georgia and Salt Lake City, Utah.  Following a four-day trial, the jury returned its verdict on October 15, 2021.  On August 26, 2022, the Court vacated the judgment and granted a new trial.  Dkt. 369.  After several other motions in the intervening period, Defendant has now filed a motion for summary judgment, arguing that the evidence presented at the first trial demonstrates that the undisputed facts show that Plaintiff cannot sustain his claim.

## II. Legal Standard

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "This burden is not a light one."  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).  But the moving party need not disprove the opposing party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial.  Id. at 323-24; Fed. R. Civ. P. 56(c)(1).  A non-moving party who bears the burden of proof at trial as to an element essential to his case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment.  See Celotex Corp., 477 U.S. at 322.

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  An issue of fact is a genuine issue if it reasonably can be resolved in favor of either party.  Id. at 250-51.  "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury . . . could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict . . . ."  Id. at 252.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Id. at 248.

"[A] district court is not entitled to weigh the evidence and resolve disputed underlying factual issues."  Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1161 (9th Cir. 1992).  Summary judgment is improper 'where divergent ultimate inferences may reasonably be

2

drawn from the undisputed facts.'" <u>Fresno Motors v. Mercedes Benz
USA, LLC</u>, 771 F.3d 1119, 1125 (9th Cir. 2014).  Instead, "the
inferences to be drawn from the underlying facts must be viewed in the
light most favorable to the party opposing the motion."  <u>Matsushita
Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 (1986)
(internal quotation marks and ellipsis omitted).

### III. Analysis

The Court has previously found that liability and damages under
the Montreal Convention must be based on a physical "bodily injury."
This includes emotional distress damages – such damages must stem
from the physical bodily injury incurred during the flight.  Motion in
Limine (MIL) Order (Dkt. 214) at 1-3 (Oct. 11, 2019).  Second, the
Court has found that Defendant has immunity under 49 U.S.C. §
44941(a) for any damage from bodily injury that might have occurred
after its flight attendants disclosed suspicious conduct related to a
potential violation of law relating to aircraft or passenger safety.  <u>Id.</u> at
5-6; <u>see also</u> Jury Instructions (Dkt. 291), Instruction 3.

Given these prior rulings, in order to prevail on this motion,
Defendant must show that there is no dispute of material fact as to: (1)
when, if at all, Plaintiff suffered a bodily injury, and (2) for what
purpose the flight attendants contacted Special Agent Vahe.

Taking the second issue first, there is no evidence in the record to
suggest that flight attendant Joy Rodemoyer contacted Vahe for any
reason other than to report activity that she suspected violated laws
related to passenger safety.  For the purposes of Plaintiff's malicious
prosecution claim, the Court previously found that Plaintiff had no
evidence of an improper purpose when the flight attendants reported
Plaintiff's behavior.  Order Granting in Part Motion for Summary
Judgment (Dkt. 153) at 8-10 (March 5, 2019).

> [E]ven taking Plaintiff's version of the events as true, there
> is nothing in that version of the facts that circumstantially
> suggests any motive for the reports to law enforcement
> other than that Defendant's employees honestly believed

that a crime may have been committed.  This is not a
situation where the plaintiff's version of events would give
the reporting party no objectively reasonable belief that the
plaintiff had engaged in criminal conduct.

Id.; see also MIL Order (Dkt. 214) at 6.

The same applies for the purposes of 29 U.S.C. § 44941(a), and
the testimony at trial only bolsters the Court's earlier assessment.  The
undisputed testimony at trial showed that Vahe was contacted only
after a significant dispute had erupted between Plaintiff and the flight
attendants with other passengers even becoming involved.  While
Plaintiff naturally describes his actions in a more benign light than the
flight attendants do, there is nothing in the record to cast any doubt on
the flight attendants' subjective impressions of the potential
dangerousness of the situation or on Rodemoyer's testimony that she
sought Vahe's assistance because of that potential threat to safety.[1]  In
short, there is no evidence to dispute the fact that the flight attendants
voluntarily disclosed Plaintiff's conduct to Vahe because they genuinely
believed that the conduct was a potential threat to passenger safety.

The Court has previously held that "[i]mplicit in immunity for
making reports to law enforcement is immunity from liability for
whatever law enforcement might do with those reports."  MIL Order
(Dkt. 214) at 6.  The uncontroverted evidence shows that once Vahe
arrived in the back of the plane, he immediately took command of the
situation.  Vahe explicitly testified that once he arrived in the back of
the plane, he considered himself to be in charge of the situation and
was directing the flight attendants in dealing with Plaintiff.  Oct. 13,
2021 Tr. (Dkt. 336) at 226:17-25.

This means that for Plaintiff to recover damages under the
Montreal Convention he must show that a bodily injury happened prior

---

[1] There is also no dispute that the captain of the aircraft reminded
Rodemoyer that she had a law enforcement officer on board if she required
assistance.

to Vahe's arrival, after which Defendant is immunized by § 44941(a).
But a complete review of the trial testimony on the timing of Plaintiff's
injuries shows that any potential bodily injury occurred after Vahe
arrived on the scene in the back of the aircraft.

Plaintiff's claimed bodily injuries occurred during attempts to
place flex cuffs on him.  The cuffs were, by all accounts, initially placed
on Plaintiff's wrists too tightly and had to be cut off and new ones
placed.  There was evidence at trial that Plaintiff's lower arms and
hands were injured during the course of the flight and that Plaintiff
may have suffered neck and shoulder injuries during the cuffing.
However, Plaintiff directly testified at trial that the first time any of
the flight attendants touched him was when they attempted to put on
the cuffs.  Oct. 13, 2021 Tr. (Dkt. 323) at 15:3-18.  Both of the directly
involved flight attendants, Rodemoyer and Lucy Cook, as well as Vahe,
testified that the cuffs were first applied after Vahe arrived on the
scene in the back of the plane.  See Oct. 13, 2021 Tr. (Dkt. 314) at 39:5-
15 (Rodemoyer); Oct. 13, 2021 Tr. (Dkt. 336) at 182:5-184:25 (Cook); id.
at 227:18-228:16 (Vahe).  Plaintiff's testimony was often unclear as to
timeframe, but careful examination shows that he either affirmed that
the cuffs were applied after Vahe was there, Oct. 12, 2021 Tr. (Dkt.
318) at 42:9-18, 67:2-9, 69:6-11, 72:7-12; Oct. 13, 2021 Tr. (Dkt. 323) at
5:4-13, or has no recollection of whether Vahe was there, Oct. 12 2021
Tr. (Dkt. 318) at 76:10-15.[2]  What is conspicuously absent from the
record is any testimony by Plaintiff that Vahe was *not* present when
the cuffs were being put on.[3]  Given this, there is no competent

---

[2] The only possible exception is when Plaintiff testified that Rodemoyer
"immediately" began to put cuffs on him after she confronted him.  See Oct.
12, 2021 Tr. (Dkt. 318) at 34:11-19.  But, on follow-up, Plaintiff testified
multiple times that Vahe was there "helping" the flight attendants apply the
cuffs.  Id. at 42:9-18; 67:2-9; 69:6-11; 72:7-12.

[3] In his opposition, Plaintiff states: "Delta was wrong when [counsel] said
that I was not injured or touched by anyone until Joy [Rodemoyer] brought
the law officer [Vahe] from the front," Opp'n (Dkt. 511) at 21 of 127, but he
fails to point to any evidence to show that either flight attendant touched him

evidence to contradict the direct sworn testimony of Rodemoyer, Cook, and Vahe that Vahe had been contacted and was on the scene when Plaintiff first could have suffered a bodily injury.

## IV. Conclusion

Because any bodily injury that might have occurred happened after a voluntary report of suspicious behavior relating to a possible violation of law relating to passenger safety and under the direction of a federal law enforcement officer, immunity under 49 U.S.C. § 44941(a) bars any recovery that Plaintiff might otherwise obtain under the Montreal Convention.  Therefore, the motion for summary judgment is GRANTED and judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

Date: November 1, 2024

Dale S. Fischer
United States District Judge

---

before Vahe's arrival.  The closest he comes is a citation to Vahe's June 2, 2015 statement to the FBI, but that statement indicates only that a flight attendant, presumably Lucy Cook, was holding a pair of flex cuffs when Vahe arrived.  See Dkt. 511 at page 80 of 127.  Vahe's statement does not suggest that Cook had touched Plaintiff at that point.